**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SEAN CHRISTOPHER DALE,**

**Plaintiff,**

**v.** **CASE NO. 19-3172-SAC**

**SHAWNEE COUNTY**
**DEPARTMENT OF CORRECTIONS,**

**Defendant.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Sean Christopher Dale, a prisoner being held at the Shawnee County Jail in Topeka, Kansas at the time of filing, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Plaintiff's complaint (ECF No. 1) includes three counts making claims about the conditions of confinement at the Shawnee County Jail ("SCJ"). Plaintiff complains the SCJ has no law library or access to legal research. He further complains about the temperature and serving sizes of the meals at SCJ. In addition, Plaintiff questions the preparation of religious diets. Last, he states he is "medical lower tier lower bunk" but keeps being moved to the top bunk causing a safety risk. ECF No. 1, at 3-4.

Plaintiff names as defendant the Shawnee County Department of Corrections. He claims violation of his rights under the Eighth and Fourteenth Amendments and seeks compensatory damages of $1.785 million.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. Discussion**

**A. Failure to Name a Proper Defendant**

Mr. Dale brings his complaint under 42 U.S.C. § 1983 and names one defendant: the Shawnee County Department of Corrections. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48–49 (1988) (citations omitted).

The Shawnee County Department of Corrections is not a proper defendant in a § 1983 action because it is not an entity that can sue or be sued and thus not a "person" for purposes of establishing liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989)), and *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 F. App'x 406, 408 (10th Cir. 2005). The complaint is therefore subject to dismissal because it lacks a proper defendant.

**B. Count I – Food Service Complaints**

Plaintiff complains about the cooking and serving temperature of the food at SCJ. Presumably, he feels the food is not hot enough. Plaintiff also alleges serving sizes are supposed to be 12 ounces for the main course, but the prisoners routinely receive 8-ounce servings.

A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* To satisfy the objective component, a prisoner must allege facts

showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id.* "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id.* It is not enough to establish that the official should have known of the risk of harm. *Id.*

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must

be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls ... the length of exposure to the conditions is often of prime importance." *Id.* As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations ...' may meet the standard despite a shorter duration." *Id.* (citations omitted).

Plaintiff's allegations do not constitute the types of conditions that violate the Eighth Amendment; "extreme deprivations are required." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). The conditions Plaintiff describes do not suggest the SCJ contravenes society's "evolving standards of decency" so as to constitute a violation of the Eighth Amendment. *Rhodes*, 452 U.S. at 346. Consequently, Plaintiff's claim related to food temperature and portion size is subject to dismissal. *See Leonard v. Lincoln County Board of Commissioners*, 790 F. App'x 891, 893-94 (10th Cir. 2019) (affirming dismissal of claim that jail did not provide enough food or food served at proper temperature).

In addition, Plaintiff complains of a "lack of proper religious diets." ECF No. 1, at 2. He alleges he asked questions about how the trays are washed and "what blessing[s] have taken place to consider the meals Kosher" but did not receive any response. *Id.* at 6.

While religious diets can form the basis of a civil rights claim in certain circumstances, Plaintiff's allegations are too vague to state a claim. First, he does not say whether he has requested and been approved for a special religious diet or whether he is raising this claim on behalf of other prisoners. If it is the latter, he does not have standing to assert the claim. To have standing, a state prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his

own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir.1993). "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Id.* at 289–90.

Furthermore, Plaintiff alleges nothing more than that he has questions about the religious diets at SCJ. He does not include any actual allegations about the religious diets, let alone any facts to demonstrate a problem of a constitutional level. Count I of the complaint is subject to dismissal.

**C. Count II – Lack of Law Library**

In order to bring a civil rights claim under § 1983 for the denial of a right of access to the courts, Plaintiff must allege an actual injury or an imminent actual injury because of the loss or frustration of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996) (a prisoner does not have "an abstract, freestanding right to a law library or legal assistance" and therefore "cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense"); *Brooks v. Colorado Dept. of Corrections*, 762 F. App'x 551, 558-59 (10th Cir.) *cert. denied*, 140 S. Ct. 207 (2019) (general allegations of interference with ability to bring legal claims do not suffice to show denial of access to the courts); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001) (plaintiff must do more than make a conclusory allegation that library and resources were inadequate). Here, Plaintiff does not allege facts plausibly describing a nonfrivolous legal claim which has been frustrated or impeded by a lack of access to courts or which may be lost by such a lack of access. *Simmons v. Kline*, No. 20-3096-SAC, 2020 WL 3057886, at *5 (D. Kan. June 9, 2020). This count is also subject to dismissal.

**D. Count III – Bunk Assignment**

Plaintiff alleges he has a medical need or directive to be assigned a lower bunk, but he keeps getting switched to an upper bunk. For Plaintiff to state a claim for a violation of his Eighth Amendment rights, he must allege (1) the conditions of which he complains were sufficiently serious to implicate constitutional protection, and (2) specific jail officials acted with deliberate indifference to his health or safety. *Despain*, 264 F.3d 965, 971 (10th Cir. 2001). A sufficiently serious condition is one that poses a substantial risk of serious harm. *Id*. To show deliberate indifference, Plaintiff must allege prison officials knew of and disregarded an excessive risk to his health or safety. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

Plaintiff has not pled sufficient specific facts to state a claim for a violation of his Eighth Amendment rights. He does not explain why he needs a lower bunk. He does not explain why using the top bunk poses a substantial risk that he will suffer serious harm. He does not state that he has informed any SCJ official of his need for a lower bunk. He does not state whether he has complained about the bunk assignment or how officials have responded. Plaintiff fails to state a claim in Count III of the complaint.

**E. Compensatory Damages**

Plaintiff seeks damages in the amount of $1.785 million. He does not allege he suffered any physical harm. Section 1997e(e) . . . provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002).

Because Plaintiff's complaint does not allege any physical injury, Plaintiff may sue for nominal damages or injunctive relief but not compensatory damages. *Searles*, 251 F.3d at 879-81. Therefore, Plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1997e(e) insofar as they seek compensatory damages. In addition, any injunctive relief would be moot at this point because Plaintiff is no longer an inmate at the SCJ. *See Jordan v. Sosa*, 654 F.3d 1012, 1027-28 (10th Cir. 2011).

**IV. Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why his complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3172-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint and may be dismissed without further notice for failure to state a claim.

**V. Motion to Amend Complaint (ECF No. 16)**

Plaintiff filed a motion seeking leave to amend his complaint by adding Brian Cole, the Director of the Shawnee County Department of Corrections, as a defendant. Plaintiff has also filed several "supplements" to his complaint (*see* ECF Nos. 14, 15, 17), responses to Defendant's Answer (*see* ECF Nos. 11 & 12), and a memorandum (ECF No. 23) that expand on the allegations contained in the complaint.

None of these filings are proper amendments to the complaint and therefore were not considered in screening the complaint. Moreover, under District of Kansas Local Rule 15.1, a party seeking leave to amend a pleading must attach the proposed pleading, which Plaintiff did not do. Therefore, Plaintiff's motion is denied. However, if Plaintiff chooses to respond to this show cause Order by filing an amended complaint as authorized by Paragraph IV above, he may also choose to include Brian Cole as a defendant and any other allegations or supporting documents he filed as supplements or responses.

**VI. Plaintiff's Motion for Declaratory Judgment (ECF No. 22)**

Plaintiff filed a motion titled a motion for declaratory judgment and an accompanying memorandum in support (ECF No. 23). As the Court had not yet screened the complaint, the motion is premature and is denied on that basis. If Plaintiff demonstrates good cause in response to this Order and his case moves forward, he may attempt to renew his motion at that time.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **August 28, 2020**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **August 28, 2020**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Complaint (ECF No. 16) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Declaratory Judgment (ECF No. 22) is denied.

**IT IS SO ORDERED.**

DATED: This 29th day of July, 2020, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**